No. 26-2887

# In the United States Court of Appeals for the Ninth Circuit

---

DEMARIO PRESTON, RICHIE EDQUID, KAYTLIN ROQUE, VETTE GRAY, ANDREA ROSE BAKER, AND ILIANA ZUNIGA,
individually, and on behalf of all others similarly situated,
*Plaintiffs-Appellants,*

v.

NAVY FEDERAL CREDIT UNION,
*Defendant-Appellee,*

and

DOES, 1-100 INCLUSIVE,
*Defendants.*

---

On Appeal from the United States District Court
for the Central District of California
Case No. 2:24-CV-08372 JGB(DTBX) (The Hon. Jesus G. Bernal)

---

## MOTION TO HOLD BRIEFING IN ABEYANCE

---

TARAS KICK
THE KICK LAW FIRM, APC
815 Moraga Drive
Los Angeles, CA 90049
(310) 395-2988
*taras@kicklawfirm.com*

May 22, 2026                                  *Counsel for Plaintiffs-Appellants*

Plaintiffs-appellants Demario Preston, Richie Edquid, Kaytlin Roque, Vette Gray, Andrea Rose Baker, and Iliana Zuniga, individually, and on behalf of all others similarly situated, respectfully move this Court to hold the briefing in this appeal in abeyance pending the disposition of the appeal in *Phlaum v. Navy Federal Credit Union*, No. 25-7070. Defendant-appellee Navy Federal has stated that it agrees that holding the briefing in this appeal in abeyance would be in the interest of judicial economy and that it supports plaintiffs-appellants' request that the Court do so.

Each appeal arises out of the Central District of California's dismissal of the plaintiffs' claim that Navy Federal breached its contracts with its customers by charging NSF or overdraft fees on re-presented transactions ("Retry Fees"). *See* Opening Brief, Dkt. 20, *Phlaum*, No. 25-7070; Mediation Questionnaire, Dkt. 5, *Preston*, No. 26-2887. The relevant language in Navy Federal's account agreement, as well as its conduct in assessing Retry Fees, is identical with respect to the breach of contract claim in both cases. Specifically, both appeals ask whether Navy Federal's contract—which authorizes "a fee" "for each refused check" or "returned debit item"—unambiguously permits it to charge multiple Retry Fees for a customer's authorization of a single payment. While plaintiffs-appellants reserve the right to challenge other aspects of the district court's opinion dismissing the case in *Preston*, the breach of contract claim will dominate the briefing in both appeals and will be dispositive of the *Preston* appeal if decided against plaintiffs-appellants in *Phlaum*.

1

The question of whether Navy Federal's contract permits it to charge the relevant fees "is already under consideration" in *Phlaum. Paulo v. Williams,* 2025 WL 1904423, at *2 (9th Cir. July 10, 2025.) The opening brief of the plaintiffs-appellants in *Phlaum* was filed on March 3, 2026. The answering brief is due June 18, 2026, with any reply due 21 days after the answering brief is served. No briefs have yet been filed in *Preston.* The opening brief is due June 15, 2026, and the answering brief is due July 15, 2026. In the interest of judicial economy and the Court's and the parties' convenience, plaintiffs-appellants respectfully request that the Court hold the briefing in the *Preston* appeal in abeyance. *See id.* (holding appeal in abeyance pending disposition of an appeal raising an overlapping issue); *United States v. Asuncion,* 2026 WL 540373, at *1 (9th Cir. Feb. 26, 2026) (similar); *E. Bay Sanctuary Covenant v. Biden,* 93 F.4th 1130, 1131 (9th Cir. 2024) (holding appeal in abeyance pending settlement negotiations). Abeyance will conserve the Court's and the parties' resources and avoid any risk of inconsistent or irreconcilable decisions.

For these reasons, the plaintiffs-appellants respectfully request that the Court hold the briefing in this appeal in abeyance pending issuance of the mandate in the *Phlaum* appeal.

Respectfully submitted,

/s/ Taras Kick

TARAS KICK
THE KICK LAW FIRM, APC

2

815 Moraga Drive
Los Angeles, CA 90049
(310) 395-2988
Taras@kicklawfirm.com

May 22, 2026                                  *Counsel for Plaintiffs-Appellants*

3

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because this brief contains 464 words excluding the parts of the brief exempted by Rule 32(f). This brief complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because this brief has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Baskerville font.

May 22, 2026

*/s/ Taras Kick*
Taras Kick

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the U.S. Court of Appeals for the Ninth Circuit by using the CM/ECF system. All participants are registered CM/ECF users and will be served by the CM/ECF system.

*/s/ Taras Kick*
Taras Kick